IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLA N. LIGGINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. C2-04-502 |
| | : | |
| AMERICAN ELECTRIC POWER | : | JUDGE ALGENON L. MARBLEY |
| COMPANY, INC., | : | Magistrate Judge Abel |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration. Defendant American Electric Power Company ("Defendant" or "AEP") terminated Plaintiff Ella N. Liggins ("Plaintiff" or "Liggins"). Plaintiff brought an employment discrimination suit alleging that Defendant fired her on account of her age. The Court granted Defendant's Motion for Summary Judgment. For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**II. BACKGROUND**

In 1998, AEP recruited Liggins, at age 55, to its information technology ("IT") department. AEP subsequently promoted Liggins to a management position. By all accounts, AEP considered Liggnis to be a model employee. In 2000, AEP merged with Central Southwest Company (CSW), precipitating a downsizing of AEP's IT department. Prior to the merger, AEP ran MMS software to manage its supply chain, while CWS ran INDUS/PassPort software, which was incompatible with MMS. Incident to the merger, AEP abandoned MMS in favor of

INDUS/PassPort, rendering superfluous many of AEP's IT employees.

In April 2003, AEP fired Liggins. Velda Otey ("Otey"), head of AEP's IT department, conceded that Liggins was an excellent employee. Otey lamented, however, that Liggins was a casualty of cooperate downsizing that claimed over eighty employees in 2003. AEP ostensibly replaced Liggins with Bill Scholl (Scholl), whom Liggins considered incompetent and lazy. Liggins brought an employment discrimination suit alleging AEP terminated her employment based on her age. She also alleged that she was terminated on account of her race and gender. Subsequently, AEP moved for Summary Judgment.

On November 14, 2007, the Court granted Defendant's Motion for Summary Judgment. The Court held that because there was less than a six year age difference between Liggins and Scholl, Liggins could not establish a prima facie case of age discrimination. *See Grosjean v. First Energy Corp.*, 349 F.3d 322, 336 (6th Cir. 2003). Alternatively, the Court found that even if Liggins could establish a prima facie case of age discrimination, her claim would not survive summary judgment. AEP articulated a legitimate non-discriminatory reason for Plaintiff's termination, and she was unable to show that this purported reason was pretextual. The Court also determined that statistical evidence in the form of a chart compiled by a former AEP employee was hearsay and therefore inadmissible. Finally, the Court granted Defendant's Motion for Summary Judgment with respect to Plaintiff's race and gender claim. The Court found that Plaintiff did not even respond to Defendant's motions attacking these claims, let alone proffer any supporting evidence. Plaintiff now moves for reconsideration of the Order granting Defendant's Motion for Summary Judgment.

**III. STANDARD OF REVIEW**

Although Plaintiff cites no applicable rule of civil procedure, the Court construes Plaintiff's Motion for Reconsideration as a Rule 59(e) Motion to Alter or Amend the Judgment. The Court will only grant a Rule 59(e) motion where the moving party establishes one of the following: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir 1999); *see also Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor [are they] a substitute for appeal." *Sherwood v. Royal Ins. Co. of Am.,* 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003).

### IV.  LAW & ANALYSIS

To survive summary judgment Plaintiff must present either direct or circumstantial evidence of age discrimination. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). Because Plaintiff admittedly proffers only circumstantial evidence, the familiar burden-shifting framework that the Supreme Court set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 797(1973), governs Plaintiff's claim. Pursuant to the *McDonnell Douglas* paradigm, Plaintiff must first establish a prima facie case of age discrimination. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994). If Plaintiff is successful, the burden of production shifts to the non-moving party to articulate a non-discriminatory reason for its adverse employment action. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000). If the employer is successful, the burden of production then shifts back to Plaintiff to show, by a

preponderance of evidence, that the professed non-discriminatory reason was merely a pretext to mask a discriminatory animus. *Manzer*, 29 F.3d at 1083.

Plaintiff advances several arguments in support of her Motion for Reconsideration: (1) she is more than six years older than Scholl; (2) Defendant's purported reason for her termination was pretextual; (3) the Court mistakenly ruled that statistical evidence compiled by a former AEP employee was inadmissable hearsay; and (4) the Court erred in dismissing her race and gender claims. These arguments are without merit.

### A. AGE DISCRIMINATION CLAIM

To establish a prima facie case of age discrimination, Plaintiff must show that: (1) she was at least 40 years old at the time of the alleged discrimination; (2) she was subject to an adverse employment action; (3) she was otherwise qualified for the position; and (4) she was replaced by a significantly younger employee. *Tuttle v. Metro. Gov. Nashville*, 474 F.3d 307, 318 (6th Cir. 2007). Unless there is "direct evidence that the employer considered age to be significant, an age difference of *six years* or less between an employee and a replacement is not significant." *Grosjean*, 349 F.3d at 336 (emphasis added). Plaintiff contends that she is more than six years older than Scholl, her replacement. However, the Court confirmed that the age difference between Plaintiff and Scholl is only 5 years, 2 months, and 15 days.[1] Because Plaintiff was not replaced by a significantly younger employee, she cannot establish a prima facie case of age discrimination. *Grosjean*, 349 F.3d at 336.

### B. PRETEXT

---

[1] The Court is perplexed at how Plaintiff's counsel could make such a simple mathematical error on such a critical issue. If counsel was aware of the age difference between Plaintiff and Scholl, his actions stretch the limits of ethical conduct.

Even if Plaintiff establishes a prima facie case, her age discrimination claim cannot escape summary judgment. Defendant has articulated a non-discriminatory reason for Plaintiff's termination: it reasonably believed Plaintiff to be less familiar with INDUS/PassPort than Scholl. As a result, the burden shifts back to Plaintiff to prove, by a preponderance of evidence, that the professed reason was merely a pretext to mask discriminatory animus. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 550 (6th Cir. 2004). Plaintiff, relying on two new affidavits, renews her contention that Defendant's professed reason was pretextual. But new evidence can only form the basis of a motion for reconsideration if it was previously unavailable to the parties. *See GenCorp.*, 178 F.3d at 834. Plaintiff does not dispute that she could have secured both affidavits in support of her Motion for Summary Judgment. Therefore, this purportedly new evidence is insufficient to support a motion for reconsideration. *Id*.

## C. HEARSAY

The Court held that Plaintiff's statistical evidence, in the form of a chart compiled by a former AEP employee, was hearsay and therefore inadmissible. It is well established that a party opposing summary judgment "cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citing *Weberg v. Franks*, 229 F.3d 514, 526 n. 13 (6th Cir. 2000)). Federal Rule of Civil Procedure 56(e) requires that "supporting and opposing affidavits shall be made on personal knowledge . . . and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Plaintiff contends that the evidence is not hearsay in light of a newly proffered affidavit by the chart's creator. Plaintiff, however, initially attached the chart to her own affidavit and

conceded that she had no personal knowledge of the accuracy of data, the origin of the information, or the reliability of the statistical analysis. Only now does Plaintiff come forward with an affidavit from the chart's creator. Again, new evidence can only support a motion for reconsideration if it was previously unavailable to the parties. *See GenCorp.*, 178 F.3d at 834. Plaintiff fails to explain why she could not have previously secured this affidavit. Additionally, the origin of the data, on which the chart's creator relies, is unknown. Even if the affidavit were considered, the chart would still be inadmissible hearsay.

### D. RACE AND GENDER CLAIMS

Plaintiff asserts that because Defendant did not address her race and gender claims in its various motions, the Court should not have dismissed them. In fact, Defendant directly attacked these claims in its Motion for Summary Judgment. *See* Def. Mot. S.J. 6, 12-14 (May 14, 2007). Plaintiff also mistakenly asserts that she addressed the race and gender claims in her Opposition to Summary Judgment. She did not. Nevertheless, the Court already determined that Plaintiff did not present sufficient evidence to establish a genuine issue of material fact regarding her race or gender claims. Plaintiff gives the Court no reason to disturb this finding.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

This case is DISMISSED.

**IT IS SO ORDERED.**

      s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT**

**Dated: February 26, 2008**