IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ELLA N. LIGGINS,** | : | |
| | : | |
| Plaintiff, | : | Case No. C2-04-502 |
| | : | |
| **AMERICAN ELECTRIC POWER COMPANY, INC.,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | Magistrate Judge Abel |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Sanctions and Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Plaintiff Ella N. Liggins ("Plaintiff" or "Liggins") brought an employment discrimination suit alleging that Defendant American Electric Power Company ("Defendant" or "AEP") fired her on account of her age. The Court granted Defendant's Motion for Summary Judgment and dismissed the case. The Court then denied Plaintiff's Motion for Reconsideration. Defendant now moves for sanctions. For the reasons set forth below, the Court **AWARDS** Defendant sanctions of $3,448.50 and **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

**II.  BACKGROUND**

On November 14, 2007, the Court granted Defendant's Motion for Summary Judgment. The Court held that Plaintiff could not establish a prima facie case of age discrimination because there was less than a six-year age difference between her and her replacement. *See Grosjean v. First Energy Corp.,* 349 F.3d 322, 336 (6th Cir. 2003). Plaintiff brought a Motion for Reconsideration of this order on the grounds that she was in fact more than six years older than her replacement. She was not; and the Court denied her motion. Defendant now moves for

sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. §1927.  Plaintiff moves to proceed with an appeal *in Forma Pauperis*.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 11[1] "requires attorneys to make reasonable inquiries to determine that their pleadings, motions and other papers are well grounded in fact." *Bailey v. Papa John*'*s USA*, *Inc.*, 236 Fed. App'x. 200, 203 (6th Cir. 2007).[2]  If an attorney's representations or conduct are unreasonable under the circumstances, the Court may impose sanctions.  *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).  At the request of the opposing party, the Court may direct "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  Although the amount of sanctions is left to the Court's discretion, it "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  *Id*.

### IV.  LAW & ANALYSIS

---

[1] Federal Rule of Civil Procedure 11(b) provides:

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

[2] Although Defendant also moves for sanctions pursuant to 28 U.S.C. § 1927, Rule 11 provides an adequate remedy and should therefore be the focus of the inquiry.  *See Tropf v. Fid Nat'l Title Ins. Co*. 289 F.3d 929, 939 (6th Cir. 2002) (noting that Rule 11 adequately provides for sanctions such that the court need not consider § 1927 sanctions).

Defendant moves for sanctions on the grounds that Plaintiff's counsel made material misrepresentations to the Court in Plaintiff's Motion for Reconsideration.  First, Plaintiff's counsel misrepresented the age difference between Plaintiff and her replacement.  To establish a prima facie case of age discrimination, Plaintiff's replacement must be "significantly younger." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 728 (6th Cir. 2007).  In the Sixth Circuit, "in the absence of direct evidence that the employer considered age to be significant, an age difference of *six years or less* between an employee and a replacement is not significant."  *Grosjean*, 349 F.3d at 336 (emphasis added); *see also Corrigan*, 478 F.3d at 727 (holding that *Grosjean* sets forth a bright line rule).  The Court granted Defendant's Motion for Summary Judgment primarily because Plaintiff was less than six years older than her replacement.

Plaintiff moved for reconsideration of this order arguing that the Court miscalculated the age difference: "[t]he Employment Applications of Ms. Liggins and [her replacement], which are on file with the Defendant, show clearly that at the time Ms. Liggins received her notice of discharge and her actual discharge, the age difference was *more* than six (6) years."  (Pl. Mot. Rec., 2) (emphasis added).  Plaintiff's counsel then accused Defendant of misrepresenting the age difference to the Court.  The Court, puzzled as to how the parties could dispute such a simple fact, demanded that they submit birth certificates and employment applications for *in camera* review.  This investigation revealed that in fact, Plaintiff was only five years, two months, and fifteen days older than her replacement.

A cursory review of the Court's order dismissing Plaintiff's claims shows that the age difference between Plaintiff and her replacement was the most important fact in this litigation.  That Plaintiff's counsel would be so careless as to misrepresent this fact to the Court is disturbing.  That he did so on a motion for reconsideration, knowing that the age difference was

the fulcrum of the dispute between the parties and the basis for the Court's order granting Defendant's motion for summary judgment, is inexcusable. Plaintiff's counsel wasted his client's, this Court's, and Defendant's time and money. Such conduct merits sanctions.

Plaintiff's counsel also misrepresented the substance of Defendant's pleadings. Defendant's Motion for Summary Judgment attacked Plaintiff's claims for race and gender discrimination. Rather than rebut these arguments in her opposing brief, Plaintiff did not mention her race and gender claims. The Court, interpreting Plaintiff's silence as a concession, dismissed them. However, Plaintiff's counsel moved to reconsider this order arguing that Defendant did not address Plaintiff's race and gender discrimination claims in its Motion for Summary Judgment. This was patently false and also constitutes sanctionable conduct.

As for the amount of sanctions, the Court must limit the award to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Defendant accrued $3,448.50 in legal fees and expenses in responding to Plaintiff's Motion for Reconsideration and filing the Motion for Sanctions. Given the gravity of Plaintiff's counsel's infraction, this is the minimum amount sufficient to deter future misrepresentations and compensate Defendant for its trouble. *See, e.g.*, *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987) (recognizing that Rule 11 gives the Court wide discretion in fashioning appropriate sanctions).

### V. MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, who is appealing the Court's order denying her Motion for a New Trial, moves for Leave to Proceed *in Forma Pauperis*. Such motions are left to the discretion of the Court. *Flippin v. Coburn*, 107 Fed. App'x. 520, 521 (6th Cir. 2004). Plaintiff failed to support her motion with sufficient detail. Because Plaintiff has not proffered enough information to allow

the Court to determine if she lacks the financial resources to pay the filing fee, the Court **DENIES** Plaintiff's request.

## VI.  CONCLUSION

For the foregoing reasons, the Court **AWARDS** Defendant sanctions of $3,448.50 and **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: June 17, 2008**